IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) STEPHEN PURSLEY, (2) KRISTA PURSLEY, and )
(3) SECOND AMENDMENT FOUNDATION, INC.,       )
                                              )
           Plaintiffs,                       )
                                              )
v.                                            )  Case No. CIV-16-14-R
                                              )
(1) ED LAKE, in his official capacity as Director of )
the Oklahoma Department of Human Services,    )
                                              )
           Defendant.                        )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, STEPHEN PURSLEY, KRISTA PURSLEY, and SECOND AMENDMENT FOUNDATION, INC. ("SAF"), by and through undersigned counsel, as and for their Complaint against Defendant ED LAKE, in his official capacity as Director of the Oklahoma Department of Human Services (hereinafter "OKDHS"), allege as follows:

**INTRODUCTION**

1.     This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Oklahoma's prohibition on otherwise qualified Oklahoma residents who are or wish to be foster or adoptive parents.

2.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3.     However, the policy of the OKDHS substantially prohibits foster and adoptive parents, and those who would be foster or adoptive parents, from the possession of firearms for

the purpose of self-defense, which violates Plaintiffs' constitutional rights under the Second Amendment.

4.     Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's restrictions on the possession and carrying of firearms by foster and adoptive parents, and would-be foster and adoptive parents, unconstitutional.  As the Plaintiffs only seek to be treated the same as other law-abiding Oklahoma residents, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendant as he executes, administers and enforces the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6.     This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Oklahoma and/or within the geographic confines of the State of Oklahoma.

7.     Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

8.     Plaintiff Stephen Pursley is 51 years old, and resides with his family in Moore, Oklahoma. He is married to co-Plaintiff Krista. Stephen runs the graphic design department for

a large HVAC equipment manufacturer. He also does freelance graphic design, and teaches college courses on the subject. He has been in the graphic design field for almost thirty years. Stephen and his wife have been and are foster parents to 34 children in the State of Oklahoma, providing a stable environment to children without one, and plan to continue to do so in the future. They have adopted one of the foster children, and are in the process of adopting a second foster child, plus having one other foster infant and a natural child in their home.

9.      Stephen has had a concealed carry permit, pursuant to the Oklahoma Self-Defense Act, in the State of Oklahoma for fifteen years. Stephen carries a firearm for self-defense and defense of his family whenever possible, including while at home.

10.     Plaintiff Krista Pursley resides with her family in Moore, Oklahoma. She is married to co-Plaintiff Stephen. She works as an administrative assistant for the local school district. Krista and her husband have been and are foster parents to 34 children in the State of Oklahoma, providing a stable environment to children without one, and plan to continue to do so in the future. They have adopted one of the foster children, and are in the process of adopting a second foster child, plus having one other foster infant and a natural child in their home.

11.     The Pursleys are allowed to possess firearms in Oklahoma generally, but are prohibited by the OKDHS policy complained-of herein from possessing or carrying firearms in their vehicles or while their foster/adopted children are present, so long as they currently are foster and adoptive parents, or plan to be foster and adoptive parents in the future.

12.     The Pursleys would possess and carry loaded and functional firearms for self-defense and defense of family, but refrain from doing so because they fear their foster and adoptive children being taken away from them by the State, and/or being prohibited from being foster and/or adoptive parents in the future, all due to the OKDHS policy complained-of herein.

13. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes foster and adoptive parents residing in Oklahoma. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

14. Members of SAF who are legal residents yet non-citizens would possess and carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they fear their foster or adopted children being taken away from them by the State, and/or being prohibited from being foster or adoptive parents in the future, all due to the OKDHS policy complained-of herein.

15. Stephen and Krista Pursley are members of SAF.

## DEFENDANT

16. Defendant Lake is the Director of the Oklahoma Department of Human Services. In Lake's official capacity, he is responsible for enforcing certain of Oklahoma's laws, customs, practices, and policies, specifically those challenged herein. In that capacity, Lake is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, Lake is the authority charged with processing and administering the foster parenting system in Oklahoma. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

17. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

18. The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

19. Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW

20. Since early 2014, the OKDHS distributes a form to prospective foster and adoptive parents entitled: *Weapon Safety Agreement for Foster or Adoptive Family* ("WSA") (attached hereto). The WSA requires in pertinent part:

- Weapons are maintained in locked storage while in the foster/adoptive home or when not in use.

- Weapons are not carried on the foster/adoptive parent's body while the child is present unless the employment of foster/adoptive applicant or parent requires when on-duty.

- Weapons are unloaded or disabled and stored in a locked container while in an automobile.

21. Once a year the Pursleys are required to be re-certified with OKDHS to continue as a foster home (officially called a Bridge Resource Home). Recertification includes much paperwork, background checks, fingerprint cards, and financial statements.

22. Starting in 2014, and continuing into 2015, the stack of re-certification paperwork given to the Pursleys included the new WSA.

23. The Pursleys were required to sign and abide to the content of the WSA to continue as a foster home.

24. Under the WSA, no exceptions are made for foster parents with a concealed carry permit, such as Stephen.

25. The Pursleys were told by their OKDHS caseworker that the all foster homes in the state were required to agree to and abide by the new policy as stated in the WSA, or have their foster/adoptive home status revoked immediately, with any placed children removed from their home.

### COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. The OKDHS policy contained in A.C.A. § 5-73-309(1), and all other Oklahoma statutory language, which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family as secured by the Second Amendment to the United States Constitution.

### COUNT II – VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

28. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

29. The OKDHS policy and all other Oklahoma statutory language, which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT III – VIOLATION OF OKLAHOMA CONSTITUTION (SECTION II-26)

30. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

31. Section II-26 of the Oklahoma Constitution provides, in relevant part:

Bearing arms - Carrying weapons.

The right of a citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power, when thereunto legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons.

32. The OKDHS policy and all other Oklahoma statutory language, which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, on their face and as applied, are unconstitutional denials of the right to bear arms for self-defense and defense of family and are in violation of Section II-26 of the Oklahoma Constitution.

## COUNT IV – STATE LAW PREEMPTION (21 Okl. St. § 1290.25)

33. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

34. There is a state statute entitled the Oklahoma Self-Defense Act (21 Okl. St. § 1290.1, *et seq.*), which regulates the licensure of concealed (and open) carry licenses of firearms. 21 Okl. St. § 1290.25 provides, in relevant part:

The Legislature finds as a matter of public policy and fact that it is necessary to provide statewide uniform standards for issuing licenses to carry concealed or unconcealed handguns for lawful self-defense and self-protection, and further finds it necessary **to occupy the field of regulation of the bearing of concealed or unconcealed handguns to ensure that no honest, law-abiding citizen who qualifies pursuant to the provisions of the Oklahoma Self-Defense Act is subjectively or arbitrarily denied his or her rights** . . . . Subjective or arbitrary actions or rules which encumber the issuing process by placing burdens on the applicant beyond those requirements detailed in the provisions of the Oklahoma Self-Defense Act or which create restrictions beyond those

specified in this act are deemed to be in conflict with the intent of this act and are hereby prohibited. The Oklahoma Self-Defense Act shall be liberally construed to carry out the constitutional right to bear arms for self-defense and self-protection. The provisions of the Oklahoma Self-Defense Act are cumulative to existing rights to bear arms and nothing in the Oklahoma Self-Defense Act shall impair or diminish those rights. (Emphasis added.)

35. The Oklahoma Self-Defense Act, drafted and enacted by the Oklahoma state legislature, is the sole statutory authority regarding the carrying of firearms by law-abiding licensed Oklahoma residents.

36. The complained-of OKDHS policy subjectively and/or arbitrarily creates restrictions to the eligibility of Oklahoma residents to carry firearms under 21 Okl. St. § 1290.9 by requiring that said persons not be foster or adoptive parents.

37. The complained-of OKDHS policy by the Defendant is subjective and/or arbitrary, and is an unlawful effort to regulate and infringe upon the lawful carry and possession of firearms by denying foster and adoptive parents their rights under the Oklahoma Self-Defense Act, as well as their Second and Fourteenth Amendment rights. As such, the complained-of OKDHS policy is preempted by state law and is invalid.

## FOR ALL COUNTS

38. Paragraphs 1 through 37 are realleged and incorporated herein by reference.

39. A controversy exists as to whether the OKDHS policy which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, is unconstitutional.

40. A declaration from this Court would settle this issue.

41. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

42. The Plaintiffs seek a declaration that the OKDHS policy which restricts foster and adoptive parents, and would-be foster and adoptive parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster and adoptive parents, on their face and as applied, is unconstitutional.

43. In the absence of an injunction, the unlawful OKDHS policy complained-of herein would continue to be enforced and would prevent Pursley, and SAF's members who are foster or adoptive parents, or would-be foster or adoptive parents residing in Oklahoma, from owning or possessing a firearm that any otherwise-qualified Oklahoma residents may own and possess for defense of self or family.

44. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

45. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Pursley, and SAF's members who are foster or adoptive parents, or would-be foster or adoptive parents residing in Oklahoma, the opportunity to possess and carry a firearm for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendant ED LAKE, as Director of the Oklahoma Department of Human Services, from continuing and enforcing the OKDHS policy of prohibiting firearms possession and carrying to foster and adoptive parents, and those who would be foster and adoptive parents in Oklahoma, including against the Plaintiffs and/or their members; and

2. Enter the following:

    (a) A declaratory judgment that the OKDHS policy of prohibiting firearms possession and carrying to foster and adoptive parents, and those who would be foster and adoptive parents in Oklahoma, and all other Oklahoma statutory language which restricts firearms rights and privileges based on status as a foster or adoptive parent, are null and void because they (i) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; (ii) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; (iii) infringe on the right of the people to keep and bear arms in violation of the Oklahoma Self-Defense Act; and (iv) infringe on the right of the people to keep and bear arms in violation of Section II-26 of the Oklahoma Constitution.

    (b) Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of the OKDHS policy of prohibiting firearms possession and carrying to foster and adoptive parents, and those who would be foster and adoptive parents in Oklahoma, and all other Oklahoma statutory language which restricts firearms rights and privileges based on status as a foster or adoptive parent.

3. Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated:  January 7, 2016  Respectfully submitted,

By:   /s/ David G. Sigale
 Attorney for Plaintiffs

| | |
|---|---|
| David G. Sigale, Esq. (Atty. ID# 6238103 (IL)) | Jason A. Reese, Esq. (OBA #20813) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Meyer, Leonard & Edinger, PLLC |
| 799 Roosevelt Road, Suite 207 | 100 Park Avenue, Suite 500 |
| Glen Ellyn, IL 60137 | Oklahoma City, OK 73102 |
| Tel:  630.452.4547 | (405) 702-9900 |
| Fax:  630.596.4445 | (405) 605-8381 Fax |
| dsigale@sigalelaw.com | jreese@mleattorneys.com |
| | *LCrR53.7(a) Local Counsel* |

*Attorneys for Plaintiffs*