## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN PURSLEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.  CIV-16-14-R |
| ) | |
| ED LAKE, in his official ) | |
| capacity  as Director of the ) | |
| Oklahoma Department of ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |

## UNOPPOSED MOTION OF DEFENDANT FOR
## EXTENSION OF TIME TO ANSWER COMPLAINT

Comes now the Defendant through his undersigned attorneys and respectfully moves the Court pursuant to LCvR 7.1(h) for an extension of time until March 4, 2016, within which to answer or otherwise plead in response to the Plaintiff's "Complaint for Declaratory and Injunctive Relief" (Doc. #1) herein for the reasons set forth below.   Plaintiff's counsel (David Sigale) does not oppose the Defendant's requested extension.

## BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO ANSWER

The Plaintiffs bring this civil rights action under 42 U.S.C. §1981 and §1983 to obtain declaratory and injunctive relief for alleged violations of their rights under the Second and Fourteenth Amendments to the United States Constitution by the Oklahoma Department of Human Services ("OKDHS"). OKDHS is an agency of the State of Oklahoma created by Article 25 of the

Oklahoma Constitution and is charged under Oklahoma law with various responsibilities in the administration of the Oklahoma Children's Code, as amended, 10A O.S. §1-1-101, et seq., including the duties to investigate reports of suspected child abuse and neglect and to place children in foster care under certain circumstances.  The Plaintiffs' allege inter alia in their Complaint (Doc. #1) that OKDHS "policy" wrongfully prohibits foster and adoptive parents in Oklahoma from possessing or carrying firearms in their vehicles while their foster or adopted children are present in violation of the Plaintiffs' Second and Fourteenth Amendment rights.

The sole party defendant named in the Plaintiffs' Complaint is Ed Lake in his official capacity as Director of OKDHS.  The Defendant now seeks additional time to answer or otherwise plead in response to the Plaintiffs' Complaint.

In support of his request for an extension of time, the Defendant advises the Court that:

(1)  The Defendant's Answer to the Plaintiffs' Complaint is currently due on February 18, 2016.

(2)  No previous extension of time to answer the Plaintiffs' Complaint has been granted to the Defendant.

(3)   The requested extension is necessary because the Plaintiffs' Complaint has raised significant federal and state constitutional issues (some of which are of first impression in this District) concerning the rights of foster and adoptive parents in Oklahoma and the authority of OKDHS.  The Defendant

submits that most (if not all) of these issues are appropriate for disposition by way of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and such a motion is being prepared by his counsel  However, additional time is needed to complete necessary legal research and preparation of the Defendant's motion because the Defendant's attorney has recently been involved in lengthy depositions or other court proceedings in a multi-party wrongful death state court case (Adams v. Renaissance Management Group, Inc., et al., #CJ-2014-5408 (Oklahoma County District Court)), and several federal §1983 civil rights actions (Bishop v. State of Okla., ex rel. Dept. of Human Services, #CIV-13-171-D (W.D. Okla.); Halley v. State of Okla., ex rel. Okla. Dept. of Human Services, # CIV-14-562-JHP (E.D. Okla.); and Poff v. Okla. Dept. of Human Services, #CIV-15-936-R (W.D. Okla.)) as well as out-of-state cases in which counsel is appearing pro hoc vice (Way v. Tulsa East Child Support Services, et al., #14-CV-02232-CAB-JLB (S.D. Cal.), and Woods v. Okla. Dept. of Human Services, Adv. #15-8059-WRS (Bankr. M.D. Ala.)), all of which have prevented him from completing and timely filing the Defendant's anticipated motion to dismiss by the current answer date.  Consequently, an extension of time is necessary so that such motion may be completed and filed in this case.

(4)    Plaintiffs' counsel (David Sigale) has been contacted by the undersigned counsel for the Defendant and does not object to the Defendant's requested extension of time to answer.

3

(5)   The requested extension will not impact on the trial schedule or any other current deadlines in this case.

Wherefore, the Defendant requests an extension of time until March 4, 2016, in which to answer the Plaintiffs' Complaint or to otherwise plead in response thereto.

Respectfully submitted,

*s/ RICHARD W. FREEMAN, JR.*
Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352

Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org

*Attorney for Defendant Ed Lake.*

## *Certificate of Service*

☑ I hereby certify that on (date) February 18, 2016 _____, I electronically transmitted the

attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on

file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

David G. Sigale
David G. Sigale, PC

Jason A. Reese
Meyer & Leonard, PLLC

☐ I hereby certify that on (date) _____, I served the attached document by

(service method) _____ on the

following, who are not registered participants of the ECF System: (insert names and addresses)

Richard W. Freeman, Jr.
_____
s/ Attorney Name

5