**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEPHEN PURSLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-14-R |
| | ) | |
| ED LAKE, in his official capacity as Director of the Oklahoma Department of Human Services, | ) ) ) ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT ED LAKE TO PLAINTIFFS' "COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF"**

Comes now the Defendant, Ed Lake, in his official capacity as Director of the Oklahoma Department of Human Services ("DHS"), through his undersigned attorney and for his Answer to the Plaintiffs' "Complaint for Declaratory and Injunctive Relief" (Doc. #1) ("Complaint") denies generally and specifically each and every allegation contained therein except such as may be hereinafter admitted.

**"INTRODUCTION"**

1. Paragraph 1 of the Complaint is merely a general statement of the nature of this action requiring neither an admission nor a denial by the Defendant; however, the Defendant denies DHS prohibits "otherwise qualified Oklahoma residents who are or wish to be foster or adoptive parents" in violation of federal or state law as alleged in Paragraph 1.

2. Paragraph 2 of the Complaint is merely a general statement of law requiring neither an admission nor a denial by the Defendant.

3. The Defendant denies the allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint is merely a general statement of the purpose of this action requiring neither an admission nor a denial by the Defendant; however, the Defendant denies DHS "bans" foster and adoptive parents or "would-be foster and adoptive parents" from "the possession and carrying of firearms" as alleged in Paragraph 4.

### "JURISDICTION AND VENUE"

5. The Defendant admits the allegations of Paragraph 5 of the Complaint.

6. The Defendant admits the allegations of Paragraph 6 of the Complaint.

7. The Defendant admits the allegations of Paragraph 7 of the Complaint.

### "PLAINTIFFS"

8. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 8 of the Complaint and consequently demands strict proof thereof.

9. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 9 of the Complaint and consequently demands strict proof thereof.

10. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 10 of the Complaint and consequently demands strict proof thereof.

11. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 11 of the Complaint that Plaintiffs Stephen and Krista Pursley "are allowed to possess firearms in Oklahoma generally" and consequently demands strict proof thereof. The Defendant denies the remaining allegations of Paragraph 11.

12. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 12 of the Complaint and consequently demands strict proof thereof.

13. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 13 of the Complaint and consequently demands strict proof thereof.

14. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 14 of the Complaint and consequently demands strict proof thereof.

15. The Defendant is currently without sufficient information to either admit or deny the allegations of Paragraph 15 of the Complaint and consequently demands strict proof thereof.

## "**DEFENDANT**"

16. The Defendant admits the allegations of Paragraph 16 of the Complaint.

## "**CONSTITUTIONAL PROVISIONS**"

17. Paragraph 17 of the Complaint is merely a general statement of law

requiring neither an admission nor a denial by the Defendant.

18. Paragraph 18 of the Complaint is merely a general statement of law requiring neither an admission nor a denial by the Defendant.

19. Paragraph 19 of the Complaint is a general statement of law requiring neither an admission nor a denial by the Defendant.

## "<u>STATE LAW</u>"

20. The Defendant denies the allegations of Paragraph 20 of the Complaint.

21. The Defendant admits the allegations of Paragraph 21 of the Complaint.

22. The Defendant denies the allegations of Paragraph 22 of the Complaint (and further states that the inclusion of a "Weapon Safety Agreement" ("WSA") as part of DHS's recertification process for foster parents was an error and contrary to the express directives of DHS management).

23. The Defendant denies the allegations of Paragraph 23 of the Complaint.

24. The Defendant denies the allegations of Paragraph 24 of the Complaint.

25. The Defendant denies the allegations of Paragraph 25 of the Complaint.

**"COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS"**
**"(U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)"**

26. For his response to Paragraph 26 of the Complaint, the Defendant incorporates and reasserts his responses to Paragraphs 1 through 25 above.

27. The Defendant denies the allegations of Paragraph 27 of the Complaint.

**COUNT II – VIOLATION OF EQUAL PROTECTION**
**"(U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)"**

28. For his response to Paragraph 26 of the Complaint, the Defendant incorporates and reasserts his responses to Paragraphs 1 through 27 above.

29. The Defendant denies the allegations of Paragraph 29 of the Complaint.

**"COUNT III – VIOLATION OF OKLAHOMA CONSTITUTION (SECTION II-26)"**

30. For his response to Paragraph 30 of the Complaint, the Defendant incorporates and reasserts his responses to Paragraphs 1 through 29 above.

31. Paragraph 31 of the Complaint is merely a general statement of law requiring neither an admission nor a denial by the Defendant.

32. The Defendant denies the allegations of Paragraph 32 of the Complaint.

**"COUNT IV – STATE LAW PREEMPTION (21 Okl. St. § 1290.25)"**

33. For his response to Paragraph 33 of the Complaint, the Defendant incorporates and reasserts his responses to Paragraphs 1 through 32 above.

34. Paragraph 34 of the Complaint is merely a general statement of law

requiring neither an admission nor a denial by the Defendant.

35. Paragraph 35 of the Complaint merely states a conclusion of law requiring neither an admission nor a denial by the Defendant; however, insofar as a response is required the Defendant states that he is currently without sufficient information to either admit or deny the allegations of Paragraph 35 and consequently demands strict proof thereof.

36. The Defendant denies the allegations of Paragraph 36 of the Complaint.

37. The Defendant denies the allegations of Paragraph 37 of the Complaint.

## "FOR ALL COUNTS"

38. For his response to Paragraph 38 of the Complaint, the Defendant incorporates and reasserts his responses to Paragraphs 1 through 37 above.

39. The Defendant denies the allegations of Paragraph 39 of the Complaint.

40. The Defendant denies the allegations of Paragraph 40 of the Complaint.

41. The Defendant denies the allegations of Paragraph 41 of the Complaint.

42. The Defendant denies the allegations of Paragraph 42 of the Complaint.

43. The Defendant denies the allegations of Paragraph 43 of the

Complaint.

44. The Defendant denies the allegations of Paragraph 44 of the Complaint.

45. The Defendant denies the allegations of Paragraph 45 of the Complaint.

In addition, the Defendant denies the Plaintiffs are entitled to any of the relief they seek against the Defendant (including an award of attorney's fees pursuant to 42 U.S.C. §1988) set out in their prayer for relief at pages 9-10 of their Complaint.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

The Plaintiffs' Complaint fails to state a claim upon which any relief can be granted against the Defendant.

### **Second Defense**

There is currently no justiciable case or controversy for this Court to decide in the instant action.

### **Third Defense**

The Plaintiffs lack standing to prosecute the instant action against the Defendant.

### **Fourth Defense**

The Plaintiffs' causes of action against the Defendant are barred in whole or part by the doctrine of mootness.

### **Fifth Defense**

The Defendant reserves the right to plead additional defenses, including additional affirmative defenses, within a reasonable time upon the completion of discovery or according to the schedule established by the Court.

WHEREFORE, the Defendant prays that the Plaintiffs take nothing by way of their causes of action; that the Defendant be awarded his costs and attorney's fees incurred herein; and that the Defendant be awarded such other relief as the Court may deem just and proper.

Respectfully submitted,

*s/ RICHARD W. FREEMAN, JR.*
Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352

Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org

*Attorney for Defendant Ed Lake.*

<–>

*Certificate of Service*

[✔] I hereby certify that on (date) March 4, 2016 _____, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

David G. Sigale
David G. Sigale, PC

Jason A. Reese
Meyer & Leonard, PLLC

[ ] I hereby certify that on (date) _____, I served the attached document by (service method) _____ on the following, who are not registered participants of the ECF System: (insert names and addresses)

Richard W. Freeman, Jr.
_____
s/ Attorney Name