## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN PURSLEY; KRISTA PURSLEY; & SECOND AMENDMENT FOUNDATION, INC., | ) ) ) |
| | ) |
| Plaintiffs, | )   Case No. CIV-16-14-R |
| | ) |
| v. | ) |
| | ) |
| ED LAKE, in his official capacity as Director of the Oklahoma Department of Human Services, | ) ) ) |
| | ) |
| Defendant. | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:        <u>May 3, 2016</u>

Appearing for Plaintiffs:    David G. Sigale
                            LAW FIRM OF DAVID G. SIGALE, P.C
                            799 Roosevelt Road, Suite 207
                            Glen Ellyn, IL  60137

                            Jason A. Reese
                            Meyer, Leonard & Edinger, PLLC
                            100 Park Ave., Suite 500
                            Oklahoma City, OK  73102

Appearing for Defendant:    Richard W. Freeman, Jr.
                            Assistant General Counsel
                            Department of Human Services
                            P.O. Box 25352
                            Oklahoma City, OK  73125-0352

**Jury Trial Demanded ☐  -  Non-Jury Trial ☒**

1.    **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

        Plaintiffs Stephen and Krista Pursley and the Second Amendment Foundation ("SAF") bring this action against the Defendant Ed Lake in his official capacity as Director of the Oklahoma Department of Human Services ("OKDHS") seeking equitable, declaratory

and injunctive relief challenging the State of Oklahoma's prohibition on otherwise qualified Oklahomans who are or wish to be foster or adoptive parents. The Plaintiffs assert OKDHS agency policy prohibits current and prospective foster and adoptive parents in Oklahoma from the possession of firearms for the purpose of self-defense and thereby violates the Plaintiffs' rights under the Second and Fourteenth Amendments to the United States Constitution as well as their rights under the Oklahoma Constitution and state law. The Defendant denies OKDHS policy violates Plaintiffs' rights under either federal or state law in connection with the events alleged in this case and has asserted several affirmative defenses to the Plaintiffs' claims in this case.

2.   **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (and 28 U.S.C. §2201-§2202 and 42 U.S.C. §1981(a) and §1983).

3.   **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

A.  Defendant Ed Lake is the Director of OKDHS currently and at all times material to the events alleged in this case.

B.  Plaintiffs Stephen and Krista Pursley have been and are foster and adoptive parents through the state program administered by OKDHS.

C.  This Court has subject matter jurisdiction over this action and venue is proper in this judicial district.

D.  No other facts are stipulated to by the parties at this time.

4.   **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

A.  <u>Plaintiffs</u>:  Plaintiffs, a married couple and an advocacy organization on behalf of its members, allege violations of their Second Amendment rights, their Fourteenth Amendment equal protection rights, and their rights under the Oklahoma Self-Defense Act (21 Okl. St. § 1290.1, *et seq.*) as a result of a mandatory OKDHS policy which restricts OKDHS foster and adoptive parents, and would-be OKDHS foster and adoptive parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as OKDHS foster and adoptive parents, as alleged more fully in Plaintiffs' Complaint.

Plaintiffs seek declaratory and injunctive relief against the complained-of policy, and attorney's fees pursuant to 42 U.S.C. § 1988.

B. <u>Defendant</u>:  Defendant Lake denies OKDHS violated the Plaintiffs' rights under the Second or Fourteenth Amendments to the United States Constitution or under the Oklahoma Constitution or state law as alleged in connection with the events giving rise to in this case.   In addition, Defendant Lake has asserted the following affirmative defenses in his Answer to the allegations made against him in the Plaintiffs' Complaint:

1. The Complaint fails to state a claim upon which any relief can be granted against the Defendant.

2. There is currently no justiciable case or controversy for this Court to decide in the instant action.

3. The Plaintiffs lack standing to prosecute this action against the Defendant.

4. The Plaintiffs' causes of action against the Defendant are barred in whole or part by the doctrine of mootness.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

None of Plaintiffs' claims or Defendant's defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. §2403 or Fed. R. Civ. P. 5.1.

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

A. <u>Plaintiffs</u>:  No motions currently pending at this time.

B. <u>Defendant</u>:  No motions currently pending at this time.

The parties anticipate filing cross-motions for summary judgment after completion of discovery or in accordance with the dispositive motion deadline set in this case.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes      ☒ No

If "no," by what date will they be made? <u>May 18, 2016</u>.

8. **PLAN FOR DISCOVERY**.

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on April 21, 2016.
B. The parties anticipate that discovery should be completed within <u>three</u> months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>90 days</u>.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?  <u>Yes (and the parties agree that the issue is not relevant at this time)</u>.

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)? <u>Yes</u>.

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. Rules of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.  <u>At this time, the parties do not believe that there will be any discovery requests for any matters that are privileged or protected</u>.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.  <u>None</u>.

9.    **ESTIMATED TRIAL TIME**:  2 days – 1 day for Plaintiffs and 1 day for Defendant.

10.   **BIFURCATION REQUESTED**:          ☐ Yes   ☒ No

11.   **POSSIBILITY OF SETTLEMENT**:      ☒ Good   ☐ Fair   ☐ Poor

12.   **SETTLEMENT AND ADR PROCEDURES**:

   A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:      ☒ Yes   ☐ No

   B.   The parties request that this case be referred to the following ADR process:

      ☐  Court-Ordered Mediation subject to LCvR 16.3
      ☐  Judicial Settlement Conference
      ☐  Other _____
      ☒  None - the parties do not request ADR at this time.

13.   <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes   ☒ No

14.   <u>Type of Scheduling Order Requested</u>. ☒  Standard -  ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 25th day of April, 2016.

s/ *DAVID G. SIGALE**
David G. Sigale  (Atty. ID# 6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL  60137
Telephone:  (630) 452-4547
Facsimile:  (630) 596-4445
Email:  dsigale@sigalelaw.com

*s/ JASON A. REESE**
Jason A. Reese  (OBA #20813)
Meyer, Leonard & Edinger, PLLC
100 Park Ave., Suite 500
Oklahoma City, OK  73102
Telephone:  (405) 702-9900
Facsimile:  (405) 605-8381
Email:  jreese@mleattorneys.com

*Attorneys for Plaintiffs.*

*s/ RICHARD W. FREEMAN, JR.*
Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352
Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816
E-mail:  Richard.Freeman@okdhs.org

*Attorneys for Defendant.*

***Signed by filing attorney with permission.***

*Certificate of Service*

☑ I hereby certify that on (date) <u>April 25, 2016</u>, I electronically transmitted the

attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on

file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

David G. Sigale
David G. Sigale, PC

Jason A. Reese
Meyer & Leonard, PLLC

☐ I hereby certify that on (date) _____, I served the attached document by

(service method) _____ on the

following, who are not registered participants of the ECF System: (insert names and addresses)

Richard W. Freeman, Jr.
s/ Attorney Name